MICHAEL K. BRISBIN (SBN 169495)
Email: michael.brisbin@wilsonelser.com
DENNIS J. RHODES (SBN 168417)
Email: dennis.rhodes@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Plaintiff
AMERICAN GENERAL LIFE INSURANCE COMPANY

THANH FOXX, ESQ.
Email: truongfoxxlaw@yahoo.com
**THE LAW OFFICES OF THANH TRUONG FOXX**
2150 River Plaza Drive, Suite 164
Sacramento, CA 95833
Telephone:    (916) 922-2255
Facsimile:    (916) 922-2288

Attorney for Defedant
DENNIS YEN and E.Y., a minor

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>DENNIS YEN and E.Y., a minor,<br><br>       Defendants. | Case No.: 2:16-cv-01399-TLN-KJN<br><br>Hon. Troy L. Nunley<br><br>**ORDER GRANTING STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE IN INTERPLEADER, DISTRIBUTION OF FUNDS AND FOR DISMISSAL OF THE ACTION WITH PREJUDICE**<br><br>Action Filed: June 21, 2016 |

     Upon considering the Stipulation for an Order of Discharge in Interpleader, Distribution of Funds and for Dismissal with Prejudice between plaintiff American General Life Insurance

1

ORDER GRANTING STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE IN INTERPLEADER, DISTRIBUTION OF FUNDS AND FOR DISMISSAL OF THE ACTION WITH PREJUDICE

Company, ("American General"), through its attorneys of record, defendant Dennis Yen, an individual and Dennis Yen as Guardian of the Estate of defendant E.Y., a minor, through their attorney of record:

**IT IS HEREBY ORDERED AND DETERMINED:**

1. That, on or about April 23, 2005, Bao Xu Sun ("Decedent"), applied for a term life policy from American General.  On the application, Decedent designated defendant Dennis Yen "Husband," as Primary Beneficiary and defendant E.Y. as Contingent Beneficiary;

2. That, on or about  May 11, 2005, American General issued policy no.  YME0212315 ("the Policy"), with a face value of $250,000.00 to Decedent;

3. That, approximately two years after issuing the Policy, Decedent requested a form to change the beneficiary;

4.  That, American General received the completed Change of Beneficiary form on or about April 10, 2007, reflecting that Decedent designated defendant E.Y., as Primary Beneficiary;

5. That, in accordance with Decedent's request, American General changed the beneficiary and sent Decedent a letter dated April 24, 2007, memorializing the change, designating defendant E.Y. as Primary Beneficiary;

6. That, on or about February 9, 2016, defendant Yen's attorney, Thanh Foxx informed American General that Decedent had been missing since September 7, 2007.  She also informed American General that defendant Yen had obtained a court-certified Order establishing fact of death;

7.  That, by reason of Decedent's death, the life insurance proceeds under the policy became due and owing in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00);

8. That, in or about April of 2016, American General informed attorney Foxx that Decedent had made a change in the beneficiary, in which Decedent designated defendant E.Y. as Primary Beneficiary.

9. That, on or about May 19, 2016, Dennis Yen, through his attorney, claimed a community property right in the Policy death benefit; that the change of beneficiary form was invalid; that Dennis Yen should be reinstated as beneficiaryand the funds paid to him.

///

10. That, on or about October 12, 2016, Dennis Yen disclaimed any interest in the proceeds of the Policy in favor of defendant E. Y., a minor;

11. That, American General is, and at all time mentioned in its complaint was ready, willing, and able, to pay the life insurance proceeds under the Policy to the person or persons legally entitled thereto, but that by virtue of the ongoing investigation, it could not determine who was entitled to the proceeds;

12. That, American General claims no interest in the life insurance proceeds or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the potential conflicting, but apparently potentially valid claims, is indifferent as to which person should receive the life insurance proceeds;

13. That, on June 21, 2016, American General filed its Complaint in Interpleader and thereafter on June 23, 2016, deposited the sum of $276,696.54, representing the death benefit payable under the Policy, with accrued interest;

14. That, American General properly filed the Complaint in Interpleader in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds;

15. That, American General has no other means of protecting itself from the vexation of duplicative claims and therefore was entitled to interplead the life insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter;

16. That, American General is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the life insurance proceeds;

17. That, this Court has jurisdiction pursuant to 28 U.S.C. 1332 as the parties are of diverse citizenship and the $250,000.00 death benefit, not inclusive of interest, exceeds the required statutory minimum of an amount greater $75,000;

18. That, defendants Dennis Yen and E.Y., a minor through Guardian Dennis Yen, consent to the jurisdiction of this Court;

19. That, American General properly filed the Complaint for Interpleader and Declaratory Relief in this action and stated a proper cause for interpleader;

20. That, of the funds on deposit, American General is awarded its fees and costs in the amount of $5,000.00, and that upon the signing of this Order, the Clerk of the Court is ordered to issue a check in the amount of $5,000.00 made payable to: "American General Life Insurance Company" and mailed to its counsel of record, Dennis J. Rhodes, Wilson Elser Moskowitz Edelman & Dicker LLP, 525 Market Street, 17th Floor, San Francisco, CA 94105;

21. That, pursuant to the Letters of Guardianship issued by the Superior Court of California, County of California, dated December 21, 2016, attached hereto as **Exhibit 1**, 75% the remaining proceeds and accrued interest shall be paid by the Clerk in a check made payable to: "Dennis Yen, Guardian of the Estate of Ethan Xiu Yen, a Minor", for deposit into a blocked account at River City Bank, 2485 Natomas Park Drive, Sacramento, CA 95833; and **25%** of the remaining proceeds shall be payable to "Thanh T. Foxx, Esq."; both checks shall be mailed to: Thanh T. Foxx, c/o Law office of Thanh T. Foxx, 2150 River Plaza Drive, Suite 164, Sacramento, CA 95833;

22. That, having brought this action and deposited the funds with the Court, American General is hereby discharged from any and all liability to defendants E.Y., a minor and Dennis Yen, as well as their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on his behalf, based upon and/or with respect to the terms of the Policy, the benefits payable under the Policy, the death of Decedent and/or defendants' claims for the death benefit;

23. That, defendants E.Y., a minor and Dennis Yen, and their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on their behalf, are hereby permanently enjoijned, restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against American General based upon and/or with respect to the terms of the Policy, the benefits payable under the Policy, and defendants' claims for the benefits payable under the Policy, and American General's handling of the Policy, administration of the Policy or its handling of defendants' claims for the life insurance proceeds;

24. That, American General is hereby dismissed with prejudice from the action;

25.     That, that upon distribution of the funds to as stated above, this action is dismissed with prejudice pursuant to Rule 41(A)(ii) of the Federal Rules of Civil Procedure; and

26.     That, all parties are to bear their own fees and costs with respect to the litigation of this action, including this Stipulation of Discharge, Distribution of Funds and Dismissal with Prejudice entered thereon.

**IT IS SO ORDERED:**

Dated: January 20, 2017

_____
Troy L. Nunley
United States District Judge